UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW T. DOMINGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. ED CV 14-02155-VBK<br><br>MEMORANDUM OPINION AND ORDER<br><br>(Social Security Case) |

　　　This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

　　　Plaintiff raises the following issues:

　　　1.　Whether the Administrative Law Judge ("ALJ") failed to

        properly consider Plaintiff's testimony regarding his pain and other functional limitations;

2. Whether the ALJ properly discredited Plaintiff's wife's testimony regarding Plaintiff's pain and functional limitations;

3. Whether the Court should apply the credit-as-true standard.

(JS at p. 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ FAILED TO PROPERLY CONSIDER PLAINTIFF'S**

**TESTIMONY REGARDING PAIN AND FUNCTIONAL LIMITATIONS**

In a case where a claimant describes excess pain or functional limitations, an ALJ must follow well established law in order to depreciate or discredit such testimony. In sum, there must be clear and convincing reasons provided within the four corners of an unfavorable Decision to justify such depreciation or discrediting of excess pain testimony. See Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996).

In Plaintiff's case, there is extensive medical evidence that he suffers from a severe back condition, as documented in part by two MRIs (AR 719-720), with a history that includes lower extremity radiculopathy. (Id.) The MRIs are accompanied by a clinical history of pain. (AR 722.) The findings of the MRIs indicate various disc

protrusions at different spinal levels which, as the ALJ acknowledged, could relate to and form a basis for excess pain. (AR 31.)

A diagnostic report from Foundation Medical Group, Inc. dated August 26, 2011 documents diagnoses including chronic pain syndrome secondary to compression fracture at T12-L2; chronic pain syndrome secondary to lumbar strain; diabetes mellitus, exacerbated by chronic pain; hypertension, exacerbated by chronic pain. (AR 277.)

In addition, the medical treatment record fully documents that Plaintiff asserted chronic and persistent pain in his shoulder, hip and back. (AR 277, 283, 290, 292, 393, 399, 405, 411, 416.)

Plaintiff also notes that the ALJ failed to discuss or consider Plaintiff's claim that he was required to elevate his legs above the heart level when he takes three to four naps a day. (AR 57.)

The Court must turn to the Decision to find the reasons which have been articulated for depreciation of pain. The ALJ relied upon his interpretation of Plaintiff's activities of daily living ("ADL"), and the ALJ's observations of Plaintiff's appearance and demeanor at the hearing, which occurred on March 7, 2013.  Based on the fact that there are 21 pages of transcript, it likely took approximately 30 minutes of time to conduct this hearing. (AR 41-62.)

Do these articulated reasons constitute a clear and convincing basis to depreciate or dismiss severe excess pain testimony? Even if the ALJ's conclusions as to these factors could be considered factually correct, which the Court doubts (see, infra), they would not. First, Plaintiffs' own testimony as to his ADLs indicates rather severe limitations in his ability to conduct various activities. (See AR 14 46, 56-57.) The Commissioner's reply, which focuses on purported discrepancies on such matters as whether or not Plaintiff is able to

3

do yard work, or if he has difficulty using the toilet, cannot serve as clear and convincing reasons to depreciate credibility. For example, whether or not Plaintiff's residential rental contract includes gardening work or not does not constitute a contradiction with Plaintiff's claim that he is incapable of doing this kind of task. Further, whether or not Plaintiff asks his wife to assist him with toilet functions, as against Plaintiff's claim that he has difficulty doing so, does not constitute a contradiction which substantiates the high standard the ALJ must meet to depreciate or discard Plaintiff's credibility. The Commissioner's argument that Plaintiff admits that he watches television, uses the internet, and reads current events (see JS at 13, citing AR 30, 238) is close to a non sequitur with regard to an analysis of excess pain. Whether or not Plaintiff, when he has minimal pain, is able to drive his daughter to school also cannot properly serve as a clear and convincing factor to depreciate excess pain testimony. (See AR at 31, 243.)

The Court will not devote a substantial amount of time to the other reasons cited by the ALJ, which consist of the ALJ's own observation of Plaintiff's demeanor and functional ability at a short hearing. While an ALJ may include such observations in an unfavorable Decision, these observations cannot form the foundation upon which an unfavorable credibility finding is made, as in this case. See Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984).

A similar analysis applies to the ALJ's depreciation of the testimony of Plaintiff's wife. (See AR at 31.) Simply put, the ALJ's Decision provides short shrift to her testimony, without providing anything resembling adequate reasons, as required by the law.

Plaintiff's third issue, which is whether the Court should apply

the "credit as true" standard, is somewhat more difficult. The Court considers this a close case to do that based upon the citations and argument provided by Plaintiff, but in this case, the Court will remand the matter for further determination of Plaintiff's credibility, with instructions that the ALJ strictly adhere to the requisite legal standards in making this analysis. There may be additional analysis required following that determination, which would bear upon Plaintiff's residual functional capacity ("RFC"), and for that additional reason, the Court declines to make a credibility finding or instruction to credit as true Plaintiff's credibility.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

DATED: May 12, 2015

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

5