# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2155 JCG | Date | September 29, 2016 |
|---|---|---|---|
| Title | Matthew T. Dominguez v. Carolyn W. Colvin | | |

O

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | |
|---|---|---|
| Kristee Hopkins | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | |
| None Appearing | None Appearing | |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

Pending before the Court are Matthew T. Dominguez ("Plaintiff")'s counsel Michelle J. Shvarts ("Counsel")'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), Carolyn W. Colvin ("Defendant")'s response, Plaintiff's letter of objection to the Motion ("Objections"), and Counsel's response to Plaintiff's letter. [*See* Dkt. Nos. 20-21, 26-27.]

For the reasons stated below, the Court **GRANTS** Counsel's Motion.

In short, this Motion arises from a social security action challenging Defendant's decision to deny disability benefits to Plaintiff. On May 12, 2015, Magistrate Judge Victor B. Kenton remanded this matter for further administrative proceedings. [Dkt. Nos. 16-17.] The parties stipulated to an award of $3,700 in EAJA fees, and Magistrate Judge Kenton approved the stipulation and awarded fees in that amount. [Dkt. Nos. 18-19.] On remand, Plaintiff was found disabled, and awarded $100,784 in retroactive benefits. (Mot., Ex. B.)[1]

On July 12, 2016, this action was transferred to this Court. [Dkt. No. 22.]

//

---

[1] The Notice of Award from the Social Security Administration states that 25 percent of Plaintiff's past-due benefits amount is $26,196. (Mot., Ex. B at 2.) As such, the total amount of past-due benefits is calculated to be $100,784.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2155 JCG | Date | September 29, 2016 |
|---|---|---|---|
| Title | *Matthew T. Dominguez v. Carolyn W. Colvin* | | |

Now, Counsel requests a total of $25,196 in attorney's fees under § 406(b) for her work before the Court. (Mot. at 2); [Dkt. No. 27 at 2]. This sum covers 23.5 attorney hours.[2] (Mot. at 4.)

Under § 406(b), the Court may grant a reasonable fee to a disability claimant's attorney, provided that it does not exceed 25 percent of the total award. 42 U.S.C. § 406(b)(1)(A).

Six reasons suggest that Counsel's request is, in fact, reasonable.

First, and foremost, the Court notes that Plaintiff agreed, *in writing*, to Counsel receiving 25 percent of his award (the "Contract"). (Mot., Ex. C.) Through Counsel's efforts, Plaintiff was ultimately awarded $100,784 in retroactive benefits.[3] *See* n.1, *supra*. Therefore, by contract, Counsel is entitled to $25,196 of the retroactive benefits.[4]

Notably, in *Gisbrecht v. Barnhart*, the Supreme Court explained that § 406(b) is meant "to control, not to displace" contingent fee agreements. 535 U.S. 789, 793 (2002). While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingency agreements are *"the primary means by which fees are set"* for the successful representation of disability claimants. *Id.* at 807 (emphasis added).

---

[2] Counsel inconsistently gives two different hourly totals: 23.5 hours and 32 hours. (Mot. at 4.) However, the Court utilizes 23.5 hours in assessing the fee request because: (1) that is the amount listed in Counsel's Itemization of Legal Services Rendered; and (2) Counsel did not dispute Defendant's use of the 23.5 total to calculate Counsel's effective hourly rate. (Mot., Ex. D); [Dkt. No. 21 at 4 n.2; Dkt. No. 27].

[3] Without belaboring the obvious, it should also be noted that Counsel assumed the risk of nonpayment and would receive his 25 percent fee only if Plaintiff received benefits by a decision of the Social Security Administration or by judgment of this Court. *See Hardin v. Astrue*, 2009 WL 1808462, at *2 (C.D. Cal. June 23, 2009).

[4] Although Plaintiff claims that he believed Counsel was to receive the lesser of 25 percent or $6,000, [Dkt. No. 26], Plaintiff does not dispute that the Contract plainly states: "[The] attorney shall . . . receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded," (Mot., Ex. C). Furthermore, Plaintiff does not refer to any other written contractual agreement that contradicts the terms of the Contract. [*See generally* Dkt. No. 26.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2155 JCG | Date | September 29, 2016 |
|---|---|---|---|
| Title | *Matthew T. Dominguez v. Carolyn W. Colvin* | | |

Second, the Court recognizes that Counsel obtained a favorable result for Plaintiff (*i.e.*, remand for further administrative proceedings, and the ultimate award of retroactive benefits).

Third, the time expended by Counsel in this case, 23.5 hours, falls within the acceptable range. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases supporting a "twenty to forty hour benchmark" for social security fee awards) (citation omitted).

Fourth, Counsel's effective hourly rate of $1,072.17 – although high[5] – is nonetheless reasonable. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (Clifton, J., concurring in part and dissenting in part) (explaining that majority en banc opinion found reasonable an effective hourly rate of $902); *Villa*, 2010 WL 118454 at *1-2 (approving § 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"); *Valenti v. Astrue*, 2008 WL 5262696, at *5 (D. Haw. Dec. 18, 2008) (noting cases that conclude attorneys need to charge a winning client an hourly rate of $945 to $1080 to compensate for their risk of loss in contingency fee agreements); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1169-71 (C.D. Cal. 2006) (reviewing cases approving awards at rates of up to $982.00 per hour).

Fifth, Defendant does not allege that Counsel was responsible for any delays, or that the quality of her representation was substandard. *See Gisbrecht*, 535 U.S. at 808 (holding that a reduction of fees may be appropriate if there were any delays or if the representation was substandard).

Sixth, nothing in the record suggests that there was any overreaching or impropriety in the creation of the fee agreement, or in Counsel representing Plaintiff before this Court. To the contrary, Counsel, quite commendably, exercised discretion by

---

[5] The hourly rate will necessarily be high in a case, such as this, where counsel efficiently achieves a very favorable result in a short amount of time. *See Villa v. Astrue*, 2010 WL 118454, at *1 n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2155 JCG | Date | September 29, 2016 |
|---|---|---|---|
| Title | *Matthew T. Dominguez v. Carolyn W. Colvin* | | |

not seeking administrative fees under 42 U.S.C. § 406(a).[6]  (*See* Mot. at 4); [Dkt. No. 19 at 2.]

Thus, based on the above, the Court finds that the requested fees are not so inordinately large as to represent a windfall for Counsel.  Moreover, the Court finds no reason to conclude that Counsel's fees are unreasonable.

Accordingly, IT IS ORDERED THAT:

1. Counsel's Motion, [Dkt. No. 20], is **GRANTED**.

2. Judgment is hereby **ENTERED** awarding attorney's fees in the amount of $25,196.  In light of the previous payment of EAJA fees, Counsel shall reimburse Plaintiff in the amount of $3,700.00.

Pursuant to Local Rule 58-6, the Court **ORDERS** that this Order shall constitute entry of judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*It is so ordered.*

cc:  Parties of Record

|  | 00 : 00 |
|---|---|
| Initials of Clerk | kh |

---

[6]      Although Plaintiff claims that Counsel was "misleading in not stating . . . that [she was] not [Plaintiff's] counsel from 2011 to 2014," [Dkt. No. 26]: (1) Counsel *was* Plaintiff's attorney as of September 26, 2014, (Mot., Ex. C); and (2) Counsel only requests fees for work done in 2014 and 2015, (*Id.*, Ex. D).